# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN D. FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:09-CV-446 |
| | ) | |
| OFFICER BENSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on the Prisoner Complaint 42 U.S.C. § 1983, filed by Plaintiff, John D. Farris, on September 24, 2009. For the reasons set forth below, this case is **DISMISSED** and the clerk is **DIRECTED** to enter judgment pursuant to 28 U.S.C. § 1915A.

BACKGROUND

John D. Farris, a *pro se* prisoner, brings this civil action alleging that the defendants took his property and will not return it. Attached to the complaint is a letter from the Indiana Department of Correction (DE# 1-2 at 2) which states that his property has been released to a woman he later identifies as his mother. It is unclear whether he is alleging that the property which is the subject of this lawsuit is in storage, has been destroyed, stolen, given to his mother, or some combination of

these. Nevertheless, because the legal analysis is the same the court will not attempt to resolve this question. Other attachments (DE# 1-2 at 1) to the complaint indicate that Farris has begun the State tort claim process, but the complaint states that he has not brought suit in State court based on these claims. (DE# 1 at 7).

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The standard for evaluating a claim under § 1915A is the same as for addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements

of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (IND. CODE § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") So too, if the property still exists, injunctive relief is available through the State courts and therefore no Fourteenth Amendment claim has yet accrued.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** and the clerk is **DIRECTED** to enter judgment pursuant to 28 U.S.C. § 1915A.

**DATED:  October 9, 2009**        /s/RUDY LOZANO, Judge
                                   **United States District Court**